**E-FILED on** 1/15/08

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MAREY DRAKE,<br><br>  Plaintiff,<br><br>  v.<br><br>JO ANNE BARNHART,<br>Commissioner of Social Security,<br><br>  Defendant. | Civil No. C-04-03073 RMW<br><br>ORDER DENYING PETITION FOR ATTORNEY'S FEES UNDER THE EQUAL ACCESS TO JUSTICE ACT<br><br>[Re: Docket No. 23] |

On August 29, 2006 this court entered judgment remanding plaintiff's appeal of the Social Security Administration's denial of her claim for supplemental disability benefits under Title II of the Social Security Act. On April 30, 2007 plaintiff filed a petition for attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). Defendant opposes plaintiff's petition for fees as untimely and, further, on the basis that plaintiff's counsel failed to meet and confer in an attempt to settle the issue prior to filing the petition.

Section 2412(d)(1)(A) of the EAJA provides for an award of attorney's fees for a plaintiff's successful claim for social security benefits. However, "[a] party seeking an award of fees and other expenses shall, *within thirty days of final judgment* in the action, submit to the court an application for fees and other expenses which shows that the party is a prevailing party and is eligible to receive an award under this subsection, and the amount sought. . . ." 28 U.S.C. § 2412(d)(1)(B)(emphasis

added). The EAJA filing period starts after the time to appeal this court's judgment has run. *Melkonyan v. Sullivan*, 501 U.S. 89, 96 (1991) ("[W]e hold that a 'final judgment' for purposes of 28 U.S.C. § 2412(d)(1)(B) means a judgment rendered by a court that terminates the civil action for which EAJA fees may be received. The 30-day EAJA clock begins to run after the time to appeal that 'final judgment' has expired."); *see also Akopyan v. Barnhart*, 296 F.3d 852, 854 (9th Cir. 2002). The time for appeal on this court's judgment ended on October 30, 2006. Fed. R. App. P. 4(a). Accordingly, plaintiff had until November 29, 2006 to file her petition for fees under the EAJA.

As noted above, plaintiff filed her petition on April 30, 2007, five months after the time for such a petition had expired. Plaintiff is represented by two separate counsel in this case, local counsel (LaPorte) and counsel in Washington (Tree). Attorney Tree is the counsel who seeks fees. His sole explanation for the untimely petition for fees is that he never received a copy of this court's August 29, 2006 Judgment (and presumably, the court's August 28, 2006 order remanding plaintiff's case to the Social Security Administration). Attorney Tree's affidavit reads in part:

> As counsel for claimant pro hac vice, I have never received a copy of the judge's order of remand in the above referenced case. In addition, I checked with Terry LaPorte, attorney for plaintiff, and he did not receive copy of the Court's order of remand. We were made aware that the Court had entered an order of remand when I was contacted by the ODAR office in Portland, Oregon, regarding scheduling a new hearing for the plaintiff. Based upon not receiving notification of the order of remand, we are requesting good cause for the late filing of this EAJA petition.

Aff. D. James Tree Supp. Pet. Fees ¶ 5. The court's order and docket show that the order was served electronically on Attorney LaPorte. No declaration or affidavit was filed by Attorney LaPorte.

The court is not persuaded that plaintiff's explanation excuses the significant delay in filing the petition. This case has been designated for e-filing since plaintiff's appeal was first filed in this court in September 2004. *See* Docket No. 1. Attorney LaPorte is on the electronic notification list for this case and neither counsel suggests that the e-mail address on file is incorrect[1]. Moreover, it is counsel's responsibility to ensure the court has their correct address information and to check the docket in their cases on a regular basis. *See* N.D. Cal. Gen. Order 45 (providing that parties are strongly encouraged to check the docket for their cases regularly). More disturbing, however, is that

---

[1] The court did not receive a separate affidavit from local counsel Terry LaPorte, who is listed on this case's electronic notice list, indicating that he did not receive the automated electronic notices for filings in this case.

the itemized billing statement attached to the application has an entry dated December 21, 2006 which describes the service rendered that day: "Contact with attorney in California, they still have not heard from the Court. *Telephone call Court's clerk and informed case remanded in August but never received notice*". Itemized Billing Statement (emphasis added). Therefore, counsel was aware as of December 21, 2006 that the remand order had been made but yet still did not file for fees for another three months.

Because counsel's petition for fees was filed approximately eight months after this court's entry of judgment and more than three months after his records shows he knew of the order, plaintiff's request for attorney's fees under the EAJA is untimely and plaintiff has not provided grounds excusing the untimeliness of the petition. Therefore, the court DENIES plaintiff's petition for attorney's fees.

DATED: 1/14/08

RONALD M. WHYTE
United States District Judge

**Notice of this document has been electronically sent to:**

**Counsel for Plaintiff:**

Terry LaPorte  terry@terrylaporte.com

D. James Tree
Attorney at Law
Tree Law Offices
3711 Englewood Avenue
Yakima, WA 98902

**Counsel for Defendant:**

Sara Winslow  sara.winslow@usdoj.gov
Jacqueline A. Forslund  jacqueline.a.forslund@ssa.gov

Counsel are responsible for distributing copies of this document to co-counsel that have not registered for e-filing under the court's CM/ECF program.

**Dated:** 1/15/08            TSF
                              **Chambers of Judge Whyte**